UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
SIXTH DIVISION
JUDGE TUNHEIM / MAGISTRATE JUDGE ERICKSON

G.M.,

Plaintiff,

v.

Beltrami County and Raymond Aurelio Cota,

Defendant.

COURT FILE #: 00:1767 JRT/RLE

**PROTECTIVE ORDER**

**(Jury Trial Demanded)**

The above-entitled matter came on for hearing before the undersigned on August 23, 2001, at the United States Courthouse in Duluth, MN on Defendant Beltrami County and Plaintiff's Motion for Protective Order. Plaintiff was represented by her attorney Susan Anderson McKay. Defendant Beltrami County was represented by its attorney Dyan J. Ebert. Defendant Raymond Aurelio Cota was represented by his attorney Jon Iverson.

Based upon all records, proceedings and files, this Court makes the following ORDER:

1. Until further order of the Court, any Beltrami County documents regarding the subject of this litigation, including but not limited to personnel information, investigatory data, reports and disciplinary actions, which may be considered to be non-disclosable by the Minnesota Government Data Practices Act, and information relative to Plaintiff, including her medical records, employment records and other documents subject to disclosure by release, including but not limited to such information contained in Initial Disclosures, Answers to Interrogatories, Responses to Request for Admissions, Responses to Request for Documents and deposition testimony, shall be subject to this Order.

2. The information contained in said documents referenced in paragraph one shall be disclosed to Plaintiff, Defendant Beltrami County and Defendant Cota in this litigation as set forth

FILED AUG 2 3 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

in this Order. The documents themselves, or copies thereof, shall not be disseminated to the parties in this case.

3. The documents covered by this Stipulation shall not be given, shown, made available, or communicated in any way to anyone other than:

a. the Plaintiff, her attorneys of record, and the attorneys' office staff who must be shown the information for purposes of this litigation (subject to the limitations contained in paragraph two);

b. the Defendants, their attorneys of record and their office staff who must be shown the information for purposes of this litigation (subject to the limitations contained in paragraph two);

c. the Court and the jury, if required in any further proceeding herein;

d. outside consultants and experts retained by the parties for the purpose of assisting in preparation for trial;

e. a mediator, arbitrator, or other ADR neutral; and

f. and representative from the Minnesota Counties Insurance Trust.

Nothing in this Order shall prohibit the attorneys of record from making the information contained in the confidential documents accessible to the parties.

4. Before making disclosure or discovery to outside consultants and experts retained for the purpose of assisting in the preparation for trial or settlement, a copy of this Order shall be provided to the outside consultants and experts.

5. No documents covered by this Order shall be used or communicated by any person receiving it for any purpose whatsoever other than preparation for and presentation at trial or settlement of this matter.

6. There shall be no reproduction whatsoever of such documents except that as required in the litigation, copies, excerpts or summaries may be shown or given to those authorized to receive documents subject to this Order.

7. Discovery or disclosures required to be filed with the Court shall be sealed by the Court Administrator and shall be available for inspection only by the Court.

8. The parties, in producing documents in this action which contain extremely sensitive information of a non-public nature, may designate such documents as "Confidential," which documents shall be so marked.

9. In responding to written discovery directed to a party, the party may designate any portion of its response which contains extremely sensitive information of a non-public nature as "Confidential."

10. In any deposition, the parties may designate any testimony deemed to be confidential by advising the reporter of such fact. The reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript accordingly, and shall file the transcript under separate cover with the attorney of record who took the deposition.

11. Information designated as "Confidential" may be referred to by the parties in notices, motions, briefs, or any other pleadings, may be used in depositions and may be marked as deposition exhibits in this action and may be used at trial and marked as trial exhibits. However, no such information shall be used for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and separately filed under seal with the Court.

12. On final termination of this action, including all appeals, each attorney of record shall be responsible for returning to the opposing attorney of record the original and copies of all documents which contain information provided during the course of discovery, including all

excerpts and summaries thereof, except that each attorney of record may retain all memoranda and correspondence derived from discovered information for purposes of keeping a legal file. Despite final termination of this action, this Order shall continue to apply to all discovery covered by it.

13. Nothing in this Order shall prevent any party or non-party from seeking a modification of it or objecting to discovery which it believes to be otherwise improper.

DATED: AUG 2 3 2001

BY: Raymond L. Erickson
Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.