UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

G.M.,

Plaintiff,

vs. MINUTE ORDER

Beltrami County and
Raymond Aurelio Cota,

Defendants. Civ. No. 00-1767 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 28th day of August, 2001.

I. Introduction

On August 23, 2001, this Court heard argument on the Motion of the Defendant Beltrami County ("County") to Compel an examination of the Plaintiff, pursuant to Rule 35, Federal Rules of Civil Procedure; its Motion for a Protective Order; its Motion to Compel Discovery; and its Motion for an extension of the Scheduling Order deadline for disclosing expert witnesses. In addition, we heard argument on the Plaintiff's two Motions for Protective Order.[1] At the time of the Hearing, the Plaintiff G.M. appeared by Susan

[1]Despite the untimeliness of the Plaintiff's Motions, we considered the Motions on an expedited basis so as to pull this case from the doldrums which have stalled its progress to a "just, speedy, and inexpensive" resolution. In doing so, we have allowed the Defendants an ample time to respond to the Motions' substance.

33

FILED AUG 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Anderson McKay, Esq.; the County appeared by Dyan Jean Ebert, Esq.; and the Defendant Raymond Aurelio Cota ("Cota") appeared by Jon K. Iverson, Esq.

For reasons expressed during the Hearing, and briefly reiterated below, we grant the Defendant's Motions, and grant that part of the Plaintiff's Motion, which concerns the confidentiality of Plaintiff's medical records, but we deny that part of the Plaintiff's Motion which seeks to sequester Cota from attendance at the Plaintiff's Deposition.

## II. Factual and Procedural History

This is a civil rights action, commenced under Title 42 U.S.C. §1983, that was initially filed on July 26, 2000. On December 4, 2000, this Court entered a Pretrial Notice and Order, which scheduled a Pretrial Conference and, at Paragraph 3, on Page 4, directed the Plaintiff to "provide a listing of all pertinent treating physicians, if any, and duly executed Medical Authorizations," at least three days before the Pretrial Conference. No objection was taken as to this directive. On January 17, 2001, the Pretrial Conference was held, and a Scheduling Order was issued on February 8, 2001. In that Order, we directed that all prediscovery disclosures be completed by January 31, 2001, and that the discovery period would expire on August 31, 2001. Further, we instructed that all "[d]isputes with regard to prediscovery dis-

closures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to [the] Pretrial Schedule." Pretrial Order, at 1-2. The Scheduling Order directed that all nondispositive Motions should be filed and heard by September 30, 2001, and expert witness disclosure reports were to be completed by Plaintiff on May 31, 2001, and by the Defendants on July 31, 2001. Id. at 2-4. Dispositive Motions were to be fully briefed and filed by November 30, 2001, with a trial-ready date set for December 31, 2001.

Despite these express directives, on August 23, 2001, we now entertain discovery Motions that the parties have deferred for months, with no apparent justification for the delay. The Plaintiff has, to date, failed to provide the Defendants with medical records, medical authorizations, and other documents requested by the Defendant. Claiming that the documents are "confidential," she will not produce them without a Protective Order. Likewise, the County has failed to provide documents requested by the Plaintiff, citing the Minnesota Government Data Practices Act, Minnesota Statutes §13.43 ("MGDPA"), as justification for their nondisclosure. Since at least February of this year, the parties have been corresponding in an attempt to secure an acceptable Protective Order, but they apparently feel no constraint to proceed with the

dispatch required by Rule 1, Federal Rules of Civil Procedure. See, Affidavit of John E. Valen, at Exhibit A-I, and Defendant Beltrami's Motion to Compel Discovery, at Exhibit A-O. Their interminable delay now ends and, we suspect, will not revisit this litigation.

## III. Discussion

The crux of the Motions before the Court is both parties' need for a Protective Order. The County requires a Protective Order, so as to allow it to release documents covered by the MGDPA, and the Plaintiff makes no objection to the issuance of such an Order. We directed the parties to file a proposed Protective Order posthaste, resolved the dispute that separated them, and received their proposed Order later in the day on which the Hearing was held. A Protective Order was issued before the close of that day. Since the issuance of this Order has removed the impediments to the parties discovery disclosures, we direct that all documents -- not legally privileged -- which are responsive to an opposing party's discovery requests, or are subject to automatic disclosure, be produced to the opposing parties by **no later than August 31, 2001.**

Given the delays occasioned by the parties' mutual inaction, we extend the discovery deadline until **October 1, 2001,** and direct the parties to complete their discovery by that date or be subject to the full sanctions allowed under Rule 37, Federal Rules of Civil

Procedure. The County sought to extend its expert witness disclosure deadline, and we grant, in part, that request, and grant it leave to make its expert disclosures by **no later than October 1, 2001**. In order to return this action to sound case management, we set the nondispositive Motion deadline for **October 1, 2001**; any dispositive Motions shall be fully briefed and, filed with the Court, by **December 30, 2001**; and the action will be "Ready for Trial" on **January 30, 2002**. The parties are on notice that, absent substantive cause, no further extensions will be allowed.

With respect to the County's Motion to Compel a Rule 35 mental examination of the Plaintiff, we direct that the County provide the Plaintiff will adequate notice of the scheduled appointment, and the funds necessary to cover her travel expenses, meals and lodging, if any. The Plaintiff's medical records will be treated with the confidentiality they deserve, and will not be needlessly disclosed. The County shall promptly disclose, to the Plaintiff, any report generated by the Rule 35 examination, with the expectation that the disclosure shall occur before October 1, 2001. If the case load of the examining health care professional is unable to accommodate this date, then the County should promptly seek leave for an extension.

Finally, as to the Plaintiff's Motion to exclude Cota from the Plaintiff's deposition, we are not insensitive to the Plaintiff's wish to be insulated from Cota, but she elected to sue him and, whatever may be her personal preference, Cota has a due process right to confront his accusers so as to effectively assist his counsel in his own defense. Until some showing has been made, that Cota's personal presence at the deposition actually causes a problem, we are not disposed to vitiating Cota's constitutional rights on no more than the Plaintiff's unsubstantiated concerns. Therefore, the Plaintiff's Motion to Sequester Cota from her deposition is denied.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's Motion to Compel Discovery and Extend the Defendant's Expert Witness Disclosure Deadline [Docket No. 17] is GRANTED.

2. That the Defendant's Motion to Compel Examination and for a Protective Order [Docket No. 22] is GRANTED.

3. That the Plaintiff's Motion for a Protective Order [Docket No. 26] is DENIED in part, and GRANTED in part.

4. That all document disclosures in this matter shall be completed **by no later than August 31, 2001.**

5. That all discovery in this matter shall be completed **by no later than October 1, 2001.**

6. That nondispositive Motions shall be filed, and the Hearings thereon completed, **by no later than October 1, 2001.**

7. That all dispositive Motions shall be fully briefed, and filed, prior to **December 30, 2001.**

8. That this case shall be "Ready for Trial" on **January 30, 2002.**

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE